IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MCALLISTER & QUINN, LLC | ) | |
| *Plaintiff*, | ) ) ) ) | |
| v. | ) ) | Case No. 1:22-CV-00379-APM |
| JESSICA VENABLE, SCOTT TOMINOVICH, CHRIS FISH, JOO YOUNG LEE, CASEY NEWELL, and JAKE PARDUHN | ) ) ) ) | |
| *Defendants*. | ) ) | |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR NARROWLY TAILORED EXPEDITED DISCOVERY

Defendants Scott Tominovich, Chris Fish, Jessica Venable, Joo Lee, Jake Parduhn, and Casey Newell (collectively, "Defendants"), by and through undersigned counsel, submits this Opposition, and incorporated memorandum, to Plaintiff McAllister & Quinn, LLC's ("M&Q" or "Plaintiff") Motion for Expedited Discovery.

### BACKGROUND

On January 3, 2022, Defendants gave notice to M&Q that they were resigning from their positions at M&Q, effectively immediately. In order to achieve an amicable separation, retained counsel to ensure compliance with their employee obligations to M&Q. A week later, on January 10, 2022, M&Q issued Defendants cease-and-desist letters. Dkt No. 2-5 – 2-7. Since Defendants' departure, Defendants have meticulously worked with their counsel, and have attempted to coordinate with M&Q, to return all M&Q devices and preserve and image their personal devices.

Nonetheless, within one month, M&Q filed a Complaint, alleging eight different claims, in conjunction with a Motion for Preliminary Injunction. Dkt 1; Dkt 2. Defendants responded to

1

M&Q's Motion for Preliminary Injunction on March 2, 2022 (Dkt 18) and the Court held a hearing on M&Q's Motion on March 18. At the conclusion of the hearing, the Court indicated its anticipation that parties could resolve the issues independently and ordered the parties to file a Joint Status Report by March 25, 2022. After parties filed the initial Joint Status Report (Dkt 25), the Court ordered the parties to file an additional Joint Status Report by April 1, 2022. On March 31, 2022, Defendants filed a Motion to Dismiss all of M&Q's claims. Dkt 26.

At the time of this Opposition, parties have yet to file their second Joint Status Report and have yet to finish briefing on Defendants' Motion to Dismiss. Thus, considering some or all of M&Q's claims may be dismissed, and there remains the possibility of parties narrowing the areas of dispute independently, M&Q's Motion for Expedited Discovery is premature at this stage of litigation and should be denied for the reasons outlined below.

## ARGUMENT

The Federal Courts of Civil Procedure do not outline the requirements needed to obtain expedited discovery. Thus, the decision on whether to permit expedited discovery, or not, is within the Court's discretion. *Dunlap v. Presidential Advisory Comm'n on Election Integrity*, 319 F. Supp. 3d 70, 101-02 (D.D.C. 2018). Although the Court may grant exceptions in special cases, "[g]enerally, such expedited discovery is not permissible." *Id; see also Garnett v. Zeilinger*, 2017 WL 8944640, at *1 (D.D.C. Dec. 15, 2017) ("Ordinarily, a party may not seek discovery until the parties have met and conferred following the defendant's response to the complaint [].").

As M&Q notes, this Circuit recognizes two tests through which motions for expedited discovery are analyzed: the "reasonableness" test and the *Notaro* test. Since M&Q argues its motion under the reasonableness test, Defendants respond accordingly—emphasizing, however,

that M&Q still does not succeed under the *Notaro* test for the reasons outlined in its Opposition to M&Q's Motion for Preliminary Injunction.[1] M&Q identifies several factors this Court reviews in analyzing whether or not to grant expedited discovery. Dkt 23 at 2. None of the factors weigh in favor of granting M&Q expedited discovery in this case.

***M&Q's Request is Too Far in Advance of Typical Discovery.***

Since a motion for expedited discovery aims to initiate discovery before it commences through the normal course of litigation, this Court pays close attention to the timing and context in which the request is made to determine whether the request is appropriate at its present stage. *Landwehr v. F.D.I.C.*, 282 F.R.D. 1, 4 (D.D.C. 2010). Clearly and consistently, this Court has held that motions for expedited discovery are especially premature and inappropriate if there exists a pending motion to dismiss. *See Guttenberg v. Emery*, 26 F. Supp. 3d 88, 99 (D.D.C. 2014) ("[M]ost important for the Court's reasonableness analysis is the pendency of defendants' motion to dismiss [which] means that plaintiffs' request for expedited discovery comes 'well in advance of typical discovery.'"); *Dunlap v. Presidential Advisory Comm'n on Election Integrity*, 319 F. Supp. 3d 70, 105-06 (D.D.C. 2018) (holding request for expedited discovery was "*well* in advance of typical discovery" because defendants had not yet filed a response to the complaint and the Court did not yet know if it needed to "entertain briefing of a motion to dismiss.") (emphasis added); *Attkisson v. Holder*, 113 F. Supp. 3d 156, 165 (D.D.C. 2015) ("Because discovery typically occurs after the resolution of motions to dismiss… presenting a motion for

---

[1] M&Q argues that it can satisfy the *Notaro* test because it has sufficiently established the requisite elements to succeed on its Motion for Preliminary Injunction. Dkt 23 at 2, n. 1. Defendants reassert their arguments in their Opposition to M&Q's Motion and maintain that M&Q did not and cannot succeed on its Motion. Additionally, the Court did not grant M&Q's Motion, and has stayed its decision pending the parties' efforts to resolve and narrow the dispute independently. .

3

expedited discovery prior to rulings on motions to dismiss is often disfavored."); *True the Vote, Inc. v. Internal Revenue Serv.*, 2014 WL 4347197, at *8 (D.D.C. Aug. 7 2014) ("Because the defendants' motions to dismiss remain pending, the plaintiff's discovery request is premature.").

Here, M&Q filed its present Motion before Defendants even filed their Motion to Dismiss. Hence, where this Court has held that expedited discovery is too far in advance when requested prior to the resolution of any motions to dismiss or prior to defendant's answer to the complaint, it is clear that M&Q's request is too far in advance of typical discovery. This Court emphasizes that requiring defendants to "expend significant resources responding to discovery requests" in a case where certain or all claims may be dismissed "would be unjust," especially when defendants have "already been forced to expend resources responding to the numerous motions filed by plaintiffs." *Guttenberg*, 26 F. Supp. at 99. This is the exact situation here. Thus far, Defendants have already expended significant costs, time, and resources to respond to M&Q's Motion for Preliminary Injunction, prepare the Joint Status Reports with M&Q, and file its Motion to Dismiss. Requiring Defendants to incur additional costs in engaging in premature discovery would certainly be unjust and unduly burdensome.

***M&Q Fails to Clearly Indicate What Discovery it Specifically Requests, and Thus its Motion is Insufficiently Narrow in Scope.***

In order to obtain expedited discovery, the moving party should demonstrate how its discovery request is narrowly tailored in breadth and scope such that it does not attempt to preempt the typical discovery process as a whole at an earlier phase in the litigation. *Guttenberg*, 26 F. Supp. at 98. In determining whether or not a party's request is sufficiently narrowly tailored, the Court reviews the contents of the discovery request itself, which a party typically attaches to its motion. *See id.* (commenting on the reasonability of the specific documents and depositions plaintiff requested); *Garnett v. Zeilinger*, 2017 WL 8944640, at *2 (D.D.C. Dec. 15,

4

2017) (reviewing plaintiffs' "document request" and discussing the specific content of the documents requested); *Dimension Data N. Am., Inc. v. NetStar-1, Inc.*, 226 F.R.d. 528, 532 (E.D.N.C. 2005) (examining plaintiff's specifically labeled, numbers, and outlined discovery requests attached as exhibits to its motion). Additionally, the Court evaluates whether or not the moving party seeks discovery broadly "on issues going to the merits of their case" or narrowly only to "reveal information related to the preliminary injunction." *Guttenberg*, 26 F. Supp. at 98; *see also Garnett*, 2017 WL 8944620 at *2 (finding plaintiff's document request "sweeps beyond the narrow issues the Court may need to resolve at this juncture and begins to bleed into the overall merits."); *Legal Tech Grp., Inc. v. Mukerji*, 2017 WL 7279398, at *4 (D.D.C. June 5, 2017) (noting requests concerning "both the merits of its case and its underlying damages" are too broad); *Attkisson,* 113 F. Supp. at 163 (emphasizing that requests for expedited discovery going to the "heart of the case" are inappropriate).

      Here, M&Q fails to clearly identify *what* discovery it seeks at the present stage. Nowhere does M&Q provide any *specific* requests for documents, devices, depositions, or interrogatories. Thus, not only are Defendants unaware of how they would even properly comply with the request, but the Court is wholly unable to evaluate whether or not the request is reasonable without knowing what the request is. Instead, M&Q broadly asserts that it needs to "commence discovery so it may quickly obtain forensic imaging and metadata in conjunction with the issues related to M&Q's preliminary injunction." Dkt 23 at 3. This does not identify what devices M&Q wants to image or what documents on those devices it wants to image. Clearly, M&Q has not even attempted to narrowly tailor its request, as it states broadly states it wants to "commence discovery" in general or as a whole on two of its filed claims. Moreover, to the extent M&Q's request seeks the imaging of personal devices, this Court has held that such a

request is too broad for expedited discovery. *True the Vote*, 2014 WL 4247197 at *7 (noting that plaintiff's request seeking permission for a forensic expert to image personal property was "actually quite broad.")

  M&Q's legal support is unhelpful, as it cites cases that discuss the relevancy and reasonableness of forensic imaging during either *typical* discovery and not in an expedited context or at a much later time frame than presently raised here, or cases hold no precedence to this Court. Dkt 23 at 3-4. In *Covad Commc'ns Co. v. Revonet, Inc.* the Court is addressing specific discovery disputes arising during *typical* and not expedited discovery. 258 F.R.D. 5, 9-11 (D.D.C. 2009). In *Hagler Sys., Inc. v. Hagler Grp. Glob., LLC*—a case outside this Circuit—the Court only referenced that an expedited discovery motion was granted *after* a hearing with the parties, without explaining the reasons or circumstances under which it was granted. 2020 Wl 2042484, at *1 (S.D. Ga. Apr. 28, 2020). In *G.W. Henssler & Assocs., Ltd. v. Marietta Wealth Mgmt. LLC*—another case outside this Circuit—the motion for expedited discovery was filed four months after the complaint and after the motion to dismiss was decided on. 2017 WL 6996372, at *2, *7 (N.D. Ga. Oct. 23, 2017). And *Physicians Interactive v. Lathian Sys., Inc.*, is an Eastern District of Virginia case which applied different standards (not elaborated on) for granting an expedited discovery motion. 2003 WL 23018270, at *10 (E.D. Va. Dec. 5, 2003).

  Further, M&Q incorrectly argues that its request is sufficiently narrow because it is tailored to the preliminary injunction.  In order to succeed on that argument, M&Q would have to illustrate that it filed its motion in order to bolster and demonstrate its arguments in its Motion for Preliminary Injunction. *See Dimension Data*, 226 F.R.D. at 531-32. However, M&Q filed this Motion *a day* before the hearing on the Preliminary Injunction, thereby providing no opportunity for the Court to review and grant its motion, for parties to engage in the requested

expedited discovery, and for M&Q to use the information obtained from the expedited discovery to show the Court why it should succeed in obtaining a Preliminary Injunction. In fact, M&Q itself states that it needs expedited discovery in order to ascertain the "full extent" of Defendants' alleged violations and that without it will be "unable to determine the scope of Defendants' misappropriation"—which is clearly the "heart" of one of M&Q's claims.

M&Q is simply trying to argue for the same relief twice—once in its Motion for Preliminary Injunction and once in the present Motion. That is not the purpose for which a motion for expedited discovery exists or should be granted. *See Disability Rts. Council of Greater Washington v. Washington Metro. Area Transit Auth.*, 234 F.R.D. 4, 7 (D.D.C. 2006) (denying plaintiffs' request for expedited discovery because plaintiff's were not seeking to "preserve the status quo" but were rather seeking to "gather all the evidence they would need to radically transform the status quo, on an expedited basis."). In any case, this Court has deferred to making a ruling on the Preliminary Injunction pending the parties' Joint Status Reports, thereby indicating that instead of further argumentation or support from the parties on their respective positions, the Court wants the parties to resolve the dispute in the Preliminary Injunction themselves.

Since M&Q's request is unascertainable, and thus insufficiently narrowly tailored, it should not be granted.

***M&Q Has Not Demonstrated a Valid Purpose for Requesting Expedited Discovery.***

Considering the "expedited" nature of such motions, this Court reviews whether or not the moving party has clearly articulated that it has a valid reason or purpose, such as that it will suffer irreparable harm, if discovery is delayed until the normal stage of litigation. *See Dunlap*, 319 F. Supp. 3d 70, 104-05 (D.D.C. 2018). M&Q essentially advances the same arguments it

7

asserts in its Motion for Preliminary Injunction that it will suffer irreparable harm without obtaining forensic images at the present time. Dkt 23 at 4. For the same reasons as advanced in Defendants' Opposition to M&Q's Motion for Preliminary Injunction, Defendants maintain that M&Q has not demonstrated a valid purpose for requesting expedited discovery. Specifically, M&Q has failed to allege any actual harm or any valid reason to presume Defendants *have already* or will *inevitable* engage in any misappropriation of trade secrets. Therefore, any argumentation regarding Defendants' misappropriation is purely speculative, which does not meet the requisite standard for validating a request for expedited discovery. *Dunlap*, 319 F. Supp. at 104-05 (emphasizing that plaintiff's "series of assumptions" regarding defendant's document destruction "sallies beyond reasonableness."); *Sinclair National Bank v. Office of the Comptroller of the Currency et al.*, 2000 WL 34012862 at *3 (D.D.C. Dec. 18, 2000) ("these speculative and conclusory affidavits do not warrant a finding that plaintiff has shown any irreparable harm."); *True the Vote True the Vote*, 2014 WL 4347197 at *3 (not concurring with plaintiff's "distrust" of defendants because plaintiff's failed to articulate any valid "factual basis" for its distrust considering plaintiff inadequately demonstrated that any spoliation had occur, and hence would continue to occur).

      Further, this Court recognizes that if a party has already made efforts to preserve data, it is more difficult for the moving party to demonstrate why expedited discovery is needed. *See True the Vote* at *8 (finding it was "unclear why expedited discovery is needed, especially given ongoing efforts to recover and preserve the emails at issue."). As Defendants have already made significant efforts to identify, return, and preserve any allegedly confidential information, M&Q fails to explain why expedited discovery is required at this stage.

*Complying with M&Q's Requests Would Significantly Burden Defendants.*

As explained, Defendants have already expended significant time and resources in preserving documents and respond to this litigation. Considering the lack of narrowed scope of M&Q's request, complying with the request would significant burden Defendants further. *See Attkisson*, 113 F. Supp. at 165 ("when the defendants would have to 'expend[] a huge amount of resources] to comply with expedited discovery, the factor supports denying the motion.") (internal citations omitted). This is especially emphasized by the fact that Defendants have filed a Motion to Dismiss which may eliminate the underlying claims forming the basis of M&Q's present concern and thus make its motion moot and the fact that Defendants are actively working with M&Q to resolve or narrow the dispute at the same time.

## CONCLUSION

For the aforementioned reasons, Defendants respectfully request this Court deny M&Q's Motion for Expedited Discovery.


Dated: March 31, 2022                                  Respectfully Submitted,


                                                                */s/ Tejal Garg*
R. Scott Oswald
Anita M. Chambers
Tejal Garg
The Employment Law Group, P.C.
1717 K. St, N.W., Suite 1110
Washington, D.C. 20006
(202) 261-2821
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
achambers@employmentlawgroup.com
tgarg@employmentlawgroup.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the March 31, 2022, a true and correct copy of the forgoing Defendants' Opposition to Plaintiff M&Q's Motion for Temporary Restraining Order and Preliminary Injunction was filed via PACER/ECF and served via electronic mail upon:

Alexander M. Bullock
D.C. Bar No. 446168
abullock@kilpatricktownsend.com
KILPATRICK TOWNSEND &
STOCKTON LLP
607 14th Street, NW
Suite 900
Washington, DC 20005
Telephone: (202) 508-5831

Kathleen B. Dodd Barton
Admitted *Pro Hac Vice*
kbarton@kilpatricktownsend.com
KILPATRICK TOWNSEND LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 815-6500

Joel Bush
Admitted *Pro Hac Vice*
jbush@kilpatricktownsend.com
KILPATRICK TOWNSEND LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 815-6500

*Counsel for Plaintiff McAllister & Quinn, LLC*

/s/ *Tejal Garg*
Tejal Garg