Exhibit 1

**Mansfield, Amy**

| | |
|---|---|
| **From:** | Anita Mazumdar Chambers <achambers@employmentlawgroup.com> |
| **Sent:** | Monday, March 28, 2022 10:26 AM |
| **To:** | Bush, Joel; Barton, Katie; Bullock, Alex; Mansfield, Amy |
| **Cc:** | R. Scott Oswald; Nicole León; R. Scott Oswald; Briana Scholar |
| **Subject:** | Venable, Fish, Tominovich: continuing discussions re: protocol |

**CAUTION: External Email**

Joel:

I'm writing to continue discussions about the proposed protocol. I believe that the items highlighted in yellow are what are still in dispute and those essentially come down to: 1) the scope of the collection; 2) payment of the costs of collection; and 3) what to do if there are additional devices/accounts to collect.

In addition to the below, I believe the Court would like us to discuss if we could potentially come to a resolution on all claims.

Do you want to have a call to discuss further? Or is it easier on your end to respond in writing with some proposals? I have three depositions this week (Tuesday and Wednesday a.m./p.m., Thursday all day) but will make time for us to have some discussions so we can make some progress.

Thank you,
Anita

**Review and Culling of Initial Imaged Device & Account Inventories**

| Plaintiff's position | Defendants' position | |
|---|---|---|
| Defendants fail to identify laptop or desktop computers and iPads utilized by Scott Tominovich, Joo Lee, Casey Newell, or Jake Parduhn that may include M&Q information and that should be subject to forensic examination, which is inconsistent, in part, with the representations made by Defendants and incorporated in the February 21, 2022 Standstill Agreement as entered. *See* Dkt. 13 at 6-7 (identifying a desktop and iPad utilized by Scott Tominovich and identifying a laptop and iPad utilized by Jake Parduhn). Without Defendants' willingly identifying the various devices that may contain M&Q information, Plaintiff is left to "guess" about devices that may exist or simply accept that devices containing M&Q information would not be subject to examination. | Defendants considered all devices and accounts in their possession or control and determined this initial forensic examination list by weighing the likelihood of containing M&Q information with the cost of the forensic examination. This was a voluntary process as a show of good faith to the Plaintiff. Plaintiff wrongly states that it is left to guess about the devices and accounts that may contain M&Q information. In the proposed protocol, Defendants agree to a process of Plaintiff identifying any additional devices or accounts for examination.<br><br>Additionally, the Defendants' cloud storage accounts are iCloud accounts and are connected to the preserved email accounts. Again, should the Plaintiff disagree with what has been preserved thus far, there is a proposed process for identifying additional accounts. | |

| | | |
|---|---|---|
| While Defendants do not dispute that M&Q information may be archived in Defendants' cloud storage accounts, Defendants delete "cloud storage" from the proposed definition of "Defendants' Electronic Accounts" that should be subject to forensic examination, thereby eliminating these cloud storage accounts from examination for the deletion of M&Q information. | | |
| Defendants omit two known email accounts for Defendants Fish and Newell (chrisfish2526@gmail.com and casey.a.newell@gmail.com, respectively), notwithstanding that these two Defendants admit to forwarding M&Q information to their personal email accounts.  Dkt. 18-8 and 18-12.  Defendants thereby seek to remove these e-mail accounts from forensic examination, which is necessary to secure the deletion of the M&Q materials forwarded to these accounts. | Plaintiff has access to all emails sent by Defendants from M&Q accounts and does not raise any concerns about Newell forwarding any confidential M&Q information to his personal email account in its motion or accompanying declarations. CDS has preserved Newell's personal cell phone.<br><br>Fish's Gmail account, listed by Plaintiff, was never used until 2022 – *post termination* and therefore not subject to this dispute. CDS has preserved Fish's primary personal account chrisfish100@yahoo.com, which is also the account Plaintiff has used to communicate with Fish, *see* Dkt. 2-7 at 1. | |
| Defendants fail to identify cloud storage accounts that Defendants previously represented had been preserved, *see* Dkt. 2-21,[1] and that Plaintiff believes contain M&Q information.  Plaintiff maintains that these cloud storage accounts should be subject to examination to secure the deletion of all M&Q information. | The Defendants' cloud storage accounts are iCloud accounts and are connected to the preserved email accounts. Again, should the Plaintiff disagree with what has been preserved thus far, there is a proposed process for identifying additional accounts. | |
| Defendants refuse to confirm that documents designated "personal" by Defendants (and therefore not subject to further examination) do not include content obtained from or derived using M&Q information through the application of search terms, even though Plaintiff proposes that these results would be subject to review by Defendants' counsel in advance of any disclosure to Plaintiff.  As background, because Defendants have consistently refused to represent that M&Q information in their possession has not been copied, duplicated, or used to create derivative works, Plaintiff insists upon the use of search terms to verify the extent to which documents that Defendants unilaterally designate as "personal" may contain M&Q information. | Defendants are rightly concerned about an unrestrained fishing expedition into their personal documents since Plaintiff's representations about a forensic examination have, until this proposal, remained vague and lacking in scope or timeframe. Plaintiff has yet to provide its proposed search terms, causing the Defendants to hesitate before agreeing to their use. Defendants' are open to continuing conversations with Plaintiff's counsel about this point and expect the parties can come to a resolution. | |
| Defendants propose an unwarranted date restriction to circumvent Plaintiff's need to | Defendants do believe a date restriction is appropriate for storage devices – or some type of scope | |

2

| | | |
|---|---|---|
| identify all storage devices (including cloud storage) utilized by Defendants to store M&Q information that should be subject to forensic examination. | restriction, however, again Defendants think they can come to a compromise with Plaintiff's counsel. | |
| Defendants suggest a "meet and confer" process about the reasonableness of Defendants' locating and surrendering additional devices (including cloud storage) with M&Q information that should be subject to forensic examination. Plaintiff maintains that all devices containing M&Q information must be subject to examination. | A meet and confer process is reasonable because some additional devices identified by M&Q may no longer be accessible or in the possession of Defendants (e.g. old iPads or laptops that are broken or were wiped and given away years ago). Also, Plaintiff's vendor has represented certain accounts (e.g. Box) as being in the possession of the Defendants when this account is in fact an M&Q account. Therefore, Defendants do not have access to this account should Plaintiff's vendor identify it for further examination. Defendants cannot agree that all devices and accounts identified by Plaintiff or its vendor for further examination will be made available, because there is a potential element of impossibility. | |
| Defendants propose that Plaintiff absorb all costs associated with examinations of any additional devices, cloud storage, and email accounts that Defendants failed to disclose and that become known only through Plaintiff's forensic examination. Plaintiff does not accept responsibility for costs associated with the examination of devices that Defendants fail to identify, | Before filing the motion for preliminary injunction, Plaintiff's counsel offered to pay for half of all costs related to preservation. Defendants have already paid thousands of dollars each and want to find a cost-efficient solution to provide Plaintiff the information it needs. | |

\---------------------------
**Anita Mazumdar Chambers | Principal**
202.261.2821 | achambers@employmentlawgroup.com

**PRIVILEGED & CONFIDENTIAL**

---

[1] February 10, 2022, 9:31 a.m. Email from Anita Chambers describing "icloud" or "Google Drive" accounts and representing thaDt "[o]ur vendor will make an archive of all storage accounts."