

Exhibit 2

KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

Suite 2800, 1100 Peachtree Street NE
Atlanta, GA 30309-4528
t 404 815 6500  f 404 815 6555

March 28, 2022

direct dial 404 815 6074
direct fax 404 541 3143
jbush@kilpatricktownsend.com

**BY E-MAIL**

Anita Mazumdar Chambers
The Employment Group
1717 K Street NW, Suite 1110
Washington, D.C. 20006-5345

      Re:    *McAllister & Quinn, LLC v. Venable, et al.*

Dear Anita:

      I write in response to your e-mail dated March 28, 2022 about the protocol for identifying all M&Q information in defendants' possession and for arranging for the permanent deletion of all M&Q information in defendants' possession. Below is M&Q's position on the open issues following our exchanges last week about the protocol.

      First, we are not comfortable with defendants' proposed limiting the devices for examination by "weighing the likelihood of [their] containing M&Q information with the cost of the forensic examination." Either the devices contain M&Q information or they do not. Because defendants have consistently failed to represent that M&Q materials were not copied or duplicated, we are not willing to leave devices out of the analysis until we obtain confirmation that any such devices do <u>not</u> contain M&Q information. To be clear, M&Q's forensic evaluation must be inclusive of all known sources of M&Q information in defendants' possession, including (1) those set forth in the Standstill Agreement, Dkt. 13 at 6-7; and (2) those identified in your February 10, 2022 Email that provides "a summary of the collection and preservation of documents" by defendants. Dkt. 2-21 (Feb. 10, 2022 email identifying "[p]ersonal e-mail accounts," "iCloud or Google Drive accounts," "personal laptops or ipads," and "personal cell phones").

      As for materials in defendants' e-mail accounts, your statement that "Plaintiff has access to all emails sent by Defendants" is incorrect because plaintiff lacks, among other things, the metadata for these materials and any mechanism for confirming whether these materials were copied, duplicated, or transferred to another data repository.

      Your statement that plaintiff "does not raise any concerns about Newell forwarding any confidential M&Q information to his personal email account in its motion or accompanying declarations" misses the point. Our investigation to date is, at best, incomplete and we cannot

Anita Mazumdar Chambers, Esq.
March 28, 2022
Page 2

conclude this effort without more information from defendants. Moreover, your February 10, 2022 email confirms the availability of "an archive of all personal e-mail accounts[.]" Dkt. 2-21. Presumably that archive includes Mr. Newell's email. As to Mr. Fish's Gmail account that purportedly "was never used until 2022 – post termination and therefore not subject to this dispute[,]" Defendants' production confirms otherwise. *See* FISH000006 (excerpt below confirming Mr. Fish's use of the Gmail account before his separation from M&Q).



Plaintiff does not intend to conduct a "fishing expedition." We have proposed a widely followed format for us to review the file names in order to arrive at an identification of only M&Q documents. We have no interest and no intention of searching for non-M&Q documents. We do not propose the application of search terms until after we arrive at the file index listing. Depending on the file listing information (and whether the file listing allows for the parties to arrive at a complete universe of the M&Q materials on defendants' devices), it may be the case that search terms are altogether unnecessary. In short, it would be unnecessarily expensive and burdensome to apply search terms to <u>all</u> files on defendants' devices, and we do not propose doing that.

For the sake of clarity, M&Q reserves the right to apply search terms *only* against items that defendants unilateral designate as "personal." Should one or more of the defendants designate large number of files as "personal," M&Q insists on a mechanism to test that file names and access dates have not been altered to shield M&Q information from detection and deletion. M&Q should be permitted to conduct confirmatory searches against documents deemed "personal," and then

Anita Mazumdar Chambers, Esq.
March 28, 2022
Page 3

only to the extent M&Q deems it necessary to ensure the protection of its confidential or trade secret information.

We do not agree to a date restriction that limits our pinning down M&Q material on defendants' devices. To fully protect its trade secrets, M&Q must obtain information about the access and possible dissemination (including copying to external or cloud storage) of its documents. A date restriction will impede that objective. We are only interested in M&Q material (and any copies, duplicates, or derivative materials), but we are not willing to forfeit certain M&Q material that may reside on defendants' devices based on an arbitrary date limitation.

M&Q is not willing to reimburse defendants for costs associated with their compliance with their own electronic preservation obligations. We never proposed absorbing defendants' preservation costs. Before M&Q was forced to incur the expenses associated with the complaint and motion for preliminary injunction, we proposed a process for M&Q's vendor to create forensic images at M&Q's expense and so that the parties could follow a process that is now being negotiated. That proposal would have saved defendants considerable expense, but it was fully rejected. M&Q subsequently incurred substantial fees and expenses to arrive at a point where the parties are finally negotiating what was originally proposed.

As I explained last week, we first need to resolve the issues presented by the motion for preliminary injunction through an agreed protocol for identifying the M&Q materials in defendants' possession and a process for permanent deletion of that material, including any copies, duplicates, or derivative work product. After that process is fully documented, we can proceed to addressing the remaining (non-trade secret) issues in the case. M&Q is willing to participate in a mediation later in April to address these other issues.

I can be available on Wednesday 3/30 to discuss further. Thank you.

Sincerely,

Joel D. Bush

cc:   Katie Barton, Esq.