Exhibit 3

**Mansfield, Amy**

| | |
|---|---|
| **From:** | Anita Mazumdar Chambers <achambers@employmentlawgroup.com> |
| **Sent:** | Wednesday, March 30, 2022 9:47 AM |
| **To:** | Bush, Joel; Barton, Katie; Bullock, Alex; Mansfield, Amy |
| **Cc:** | R. Scott Oswald; Nicole León; R. Scott Oswald; Briana Scholar |
| **Subject:** | RE: Venable, Fish, Tominovich: continuing discussions re: protocol |

**CAUTION: External Email**

Joel:

Thank you for your letter. We disagree with many of the assertions of your letter, but we would like to focus on trying to close the gap on our disagreements.

First, I have to provide some context. As you know, my clients are individuals, real people with families, not corporate entities. After their departure from M&Q, they have had to hire legal counsel to defend the motion for preliminary injunction and the related litigation. Aside from the that, they have spent thousands of dollars each to preserve their personal devices; they took steps to do so voluntarily, even without a court order, discovery requests, or an agreed-upon protocol. My repeated e-mails to M&Q (all of which you have filed with the Court) show that Defendants made significant efforts to avoid litigation, but M&Q seemed intent on filing a motion for preliminary injunction, though Defendants already agreed upon much of the requested relief.

Turning to our efforts to make progress, below are our positions and proposals:

1) **Additional devices, accounts, or e-mails**: As I think we are in agreement, there may be certain other sources that may be need to be imaged at a later point. Our proposal, as noted in earlier edits, is that the parties meet and confer about the list of other sources that may need to be imaged (including reviewing the information from your forensic team about why it is necessary) and then agreeing on the list and scope of further examination. To be very clear, Defendants understand and agree that it is possible that other sources may need to be imaged but simply want a process and some limitations in place.

2) **Search of personal documents**: Defendants understand that the point of this protocol is to return and destroy any M&Q documents. M&Q wants to run search terms on personal documents. We think this is unwarranted, unnecessary, and has the potential to be limitless in scope. We think a more reasonable proposal is that if there are select personal documents that M&Q has questions about, Defendants' counsel can describe the contents and why the documents are personal or not related to M&Q.

3) **Scope and costs:** M&Q has not proposed any limit on the scope of this document collection. As a reminder, M&Q already has Defendants' M&Q laptops and other equipment – and M&Q did not maintain any policies about the use of personal devices of its own documents but now it is asking Defendants to agree to a limitless search and incur all costs. For Jessica Venable, the only Defendant who had to use her personal computer for M&Q purposes, we have imaged her entire personal computer. For other Defendants, any devices previously identified (laptops, cell phones) have been imaged, but we propose a two year limitation on any e-mail accounts or cloud devices, as that is sufficiently well before their resignation dates.

We are hopeful that these proposals will be something M&Q strongly considers so we can make progress on our positions. If not, then we are at an impasse, and Defendants will ask the Court to refer the entire case to mediation (the

issue of this protocol and the underlying claims) to further resolution.  We understand M&Q wants to bifurcate the issues, however if we are unable to resolve the protocol with you, we think a more streamlined approach is to work with the help of a mediator.

Anita

**From:** Bush, Joel <JBush@kilpatricktownsend.com>
**Sent:** Monday, March 28, 2022 7:09 PM
**To:** Anita Mazumdar Chambers <achambers@employmentlawgroup.com>; Barton, Katie <kbarton@kilpatricktownsend.com>; Bullock, Alex <ABullock@kilpatricktownsend.com>; Mansfield, Amy <amansfield@kilpatricktownsend.com>
**Cc:** R. Scott Oswald <SOswald@employmentlawgroup.com>; Nicole León <nleon@employmentlawgroup.com>; R. Scott Oswald <SOswald@employmentlawgroup.com>; Briana Scholar <bscholar@employmentlawgroup.com>
**Subject:** RE: Venable, Fish, Tominovich: continuing discussions re: protocol

[EXTERNAL EMAIL]

Anita:

Please see attached letter.

I can be available to discuss on Wednesday 3/30.

Thank you.

**Joel Bush**
**Kilpatrick Townsend & Stockton LLP**
Suite 2800 | 1100 Peachtree Street NE | Atlanta, GA  30309-4528
office 404 815 6074 | cell 404 376 3368 | fax 404 541 3143
jbush@kilpatricktownsend.com | My Profile | vCard

**From:** Anita Mazumdar Chambers <achambers@employmentlawgroup.com>
**Sent:** Monday, March 28, 2022 10:50 AM
**To:** Bush, Joel <JBush@kilpatricktownsend.com>; Barton, Katie <kbarton@kilpatricktownsend.com>; Bullock, Alex <ABullock@kilpatricktownsend.com>; Mansfield, Amy <amansfield@kilpatricktownsend.com>
**Cc:** R. Scott Oswald <SOswald@employmentlawgroup.com>; Nicole León <nleon@employmentlawgroup.com>; R. Scott Oswald <SOswald@employmentlawgroup.com>; Briana Scholar <bscholar@employmentlawgroup.com>
**Subject:** RE: Venable, Fish, Tominovich: continuing discussions re: protocol

Joel: Sorry for the multiple e-mails but I was able to get out of my deposition on Wednesday, so that day is pretty free now. Ty.

**From:** Anita Mazumdar Chambers
**Sent:** Monday, March 28, 2022 10:26 AM
**To:** 'Bush, Joel' <JBush@kilpatricktownsend.com>; Barton, Katie <kbarton@kilpatricktownsend.com>; Bullock, Alex

2

<ABullock@kilpatricktownsend.com>; Mansfield, Amy <amansfield@kilpatricktownsend.com>
**Cc:** R. Scott Oswald <SOswald@employmentlawgroup.com>; Nicole León <nleon@employmentlawgroup.com>; R. Scott Oswald <SOswald@employmentlawgroup.com>; Briana Scholar <bscholar@employmentlawgroup.com>
**Subject:** Venable, Fish, Tominovich: continuing discussions re: protocol

Joel:

I'm writing to continue discussions about the proposed protocol. I believe that the items highlighted in yellow are what are still in dispute and those essentially come down to: 1) the scope of the collection; 2) payment of the costs of collection; and 3) what to do if there are additional devices/accounts to collect.

In addition to the below, I believe the Court would like us to discuss if we could potentially come to a resolution on all claims.

Do you want to have a call to discuss further? Or is it easier on your end to respond in writing with some proposals? I have three depositions this week (Tuesday and Wednesday 10am-3pm, Thursday all day) but will make time for us to have some discussions so we can make some progress.

Thank you,
Anita

| Plaintiff's position | Defendants' position | |
|---|---|---|
| Defendants fail to identify laptop or desktop computers and iPads utilized by Scott Tominovich, Joo Lee, Casey Newell, or Jake Parduhn that may include M&Q information and that should be subject to forensic examination, which is inconsistent, in part, with the representations made by Defendants and incorporated in the February 21, 2022 Standstill Agreement as entered. *See* Dkt. 13 at 6-7 (identifying a desktop and iPad utilized by Scott Tominovich and identifying a laptop and iPad utilized by Jake Parduhn). Without Defendants' willingly identifying the various devices that may contain M&Q information, Plaintiff is left to "guess" about devices that may exist or simply accept that devices containing M&Q information would not be subject to examination.<br>While Defendants do not dispute that M&Q information may be archived in Defendants' cloud storage accounts, Defendants delete "cloud storage" from the proposed definition of "Defendants' Electronic Accounts" that should be subject to forensic examination, thereby eliminating these cloud storage accounts from examination for the deletion of M&Q information. | Defendants considered all devices and accounts in their possession or control and determined this initial forensic examination list by weighing the likelihood of containing M&Q information with the cost of the forensic examination. This was a voluntary process as a show of good faith to the Plaintiff. Plaintiff wrongly states that it is left to guess about the devices and accounts that may contain M&Q information. In the proposed protocol, Defendants agree to a process of Plaintiff identifying any additional devices or accounts for examination.<br><br>Additionally, the Defendants' cloud storage accounts are iCloud accounts and are connected to the preserved email accounts. Again, should the Plaintiff disagree with what has been preserved thus far, there is a proposed process for identifying additional accounts. | |

| | |
|---|---|
| Defendants omit two known email accounts for Defendants Fish and Newell (chrisfish2526@gmail.com and casey.a.newell@gmail.com, respectively), notwithstanding that these two Defendants admit to forwarding M&Q information to their personal email accounts. Dkt. 18-8 and 18-12. Defendants thereby seek to remove these e-mail accounts from forensic examination, which is necessary to secure the deletion of the M&Q materials forwarded to these accounts. | Plaintiff has access to all emails sent by Defendants from M&Q accounts and does not raise any concerns about Newell forwarding any confidential M&Q information to his personal email account in its motion or accompanying declarations. CDS has preserved Newell's personal cell phone.<br><br>Fish's Gmail account, listed by Plaintiff, was never used until 2022 – *post termination* and therefore not subject to this dispute. CDS has preserved Fish's primary personal account chrisfish100@yahoo.com, which is also the account Plaintiff has used to communicate with Fish, *see* Dkt. 2-7 at 1. |
| Defendants fail to identify cloud storage accounts that Defendants previously represented had been preserved, *see* Dkt. 2-21,[1] and that Plaintiff believes contain M&Q information. Plaintiff maintains that these cloud storage accounts should be subject to examination to secure the deletion of all M&Q information. | The Defendants' cloud storage accounts are iCloud accounts and are connected to the preserved email accounts. Again, should the Plaintiff disagree with what has been preserved thus far, there is a proposed process for identifying additional accounts. |
| Defendants refuse to confirm that documents designated "personal" by Defendants (and therefore not subject to further examination) do not include content obtained from or derived using M&Q information through the application of search terms, even though Plaintiff proposes that these results would be subject to review by Defendants' counsel in advance of any disclosure to Plaintiff. As background, because Defendants have consistently refused to represent that M&Q information in their possession has not been copied, duplicated, or used to create derivative works, Plaintiff insists upon the use of search terms to verify the extent to which documents that Defendants unilaterally designate as "personal" may contain M&Q information. | Defendants are rightly concerned about an unrestrained fishing expedition into their personal documents since Plaintiff's representations about a forensic examination have, until this proposal, remained vague and lacking in scope or timeframe. Plaintiff has yet to provide its proposed search terms, causing the Defendants to hesitate before agreeing to their use. Defendants' are open to continuing conversations with Plaintiff's counsel about this point and expect the parties can come to a resolution. |
| Defendants propose an unwarranted date restriction to circumvent Plaintiff's need to identify all storage devices (including cloud storage) utilized by Defendants to store M&Q information that should be subject to forensic examination. | Defendants do believe a date restriction is appropriate for storage devices – or some type of scope restriction, however, again Defendants think they can come to a compromise with Plaintiff's counsel. |
| Defendants suggest a "meet and confer" process about the reasonableness of Defendants' locating and surrendering additional devices (including cloud storage) with M&Q information that should be subject to forensic | A meet and confer process is reasonable because some additional devices identified by M&Q may no longer be accessible or in the possession of Defendants (e.g. old iPads or laptops that are broken or were wiped and given away years ago). Also, |

4

| | | |
|---|---|---|
| examination. Plaintiff maintains that all devices containing M&Q information must be subject to examination. | Plaintiff's vendor has represented certain accounts (e.g. Box) as being in the possession of the Defendants when this account is in fact an M&Q account. Therefore, Defendants do not have access to this account should Plaintiff's vendor identify it for further examination. Defendants cannot agree that all devices and accounts identified by Plaintiff or its vendor for further examination will be made available, because there is a potential element of impossibility. | |
| Defendants propose that Plaintiff absorb all costs associated with examinations of any additional devices, cloud storage, and email accounts that Defendants failed to disclose and that become known only through Plaintiff's forensic examination. Plaintiff does not accept responsibility for costs associated with the examination of devices that Defendants fail to identify, | Before filing the motion for preliminary injunction, Plaintiff's counsel offered to pay for half of all costs related to preservation. Defendants have already paid thousands of dollars each and want to find a cost-efficient solution to provide Plaintiff the information it needs. | |

\---------------------------
**Anita Mazumdar Chambers | Principal**
**202.261.2821** | achambers@employmentlawgroup.com

**PRIVILEGED & CONFIDENTIAL**

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 404 815 6500, and destroy the original transmission and its attachments without reading or saving in any manner.

***DISCLAIMER*** Per Treasury Department Circular 230: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

[1] February 10, 2022, 9:31 a.m. Email from Anita Chambers describing "icloud" or "Google Drive" accounts and representing thaDt "[o]ur vendor will make an archive of all storage accounts."