Exhibit 4

# PROTOCOL FOR IDENTIFICATION AND DESTRUCTION OF M&Q MATERIALS IN DEFENDANTS' POSSESSION

Plaintiff McAllister & Quinn, LLC ("M&Q") and Defendants Jessica Venable, Scott Tominovich, Chris Fish, Joo Young Lee, Casey Newell, and Jake Parduhn (collectively, "Defendants") hereby agree to the following protocol for the identification and destruction of any and all M&Q information, including without limitation all M&Q Confidential Information (as defined below), obtained during the course of Defendants' employment at M&Q and that remains in Defendants' possession, custody, or control following their separations. Defendants strongly dispute M&Q's definition of "Confidential Information" and note that such definition was not in their employment agreements nor were they aware of the list of these documents or terms when they departed M&Q. But the purposes of only this protocol and the return and deletion of M&Q documents, Defendants agree to use this definition to identify and delete any M&Q Confidential Information.

As set forth in M&Q's Employee Manual, "M&Q Confidential Information" shall mean and includes all information relating to marketing, advertising, public relations, development, products, trade secrets, business plans, human resources issues (including hiring and termination), client and client prospectus lists, customers, finance, and personnel data related to the business or affairs of M&Q and its clients, employee compensation and benefits information, trade "know how,"

trade secrets, details of contracts, pricing policies, operational methods, marketing plans or strategies, service development techniques or plans, business acquisition or investment plans, financial data, and product designs or flaws. "M&Q Confidential Information" also means any information that derives economic value from not being known to the general public or to others who could obtain economic value from its disclosure or use, which M&Q and/or its clients or affiliates take reasonable efforts to protect the secrecy of. "M&Q Confidential Information" includes any information protected by the attorney-client privilege and any information that was provided to M&Q with an agreement or understanding that it would be kept confidential. "M&Q Confidential Information" also includes the information and materials described in Plaintiff's Complaint at Paragraphs 18-35.

(1) **Defendants' Imaged Devices & Electronic Accounts.** Defendants hereby represent that the below-identified electronic devices ("Defendants' Imaged Devices") that may include M&Q Confidential Information have been provided to and imaged by Defendants' forensics vendor, Complete Discovery Source ("CDS"):

| Defendant | Device |
|---|---|
| Jessica Venable | iPhone XR |
| Jessica Venable | Thumb drive |
| Jessica Venable | Laptop – Microsoft Surface |
| Scott Tominovich | Cell phone – iPhone 11 Pro |
| Chris Fish | Laptop – dell |
| Chris Fish | Tablet – iPad |
| Chris Fish | Cell phone – iPhone |
| Joo Lee | Cell phone – iPhone 11 |

| | |
|---|---|
| Casey Newell | Cell phone – Samsung galaxy s9 |
| Jake Parduhn | Cell phone – iPhone 13 |

Defendants further represent that CDS has prepared forensic images of each of Defendants' Devices. In addition, CDS has preserved and prepared forensic images of the following electronic accounts associated with the below e-mail addresses, many of which are associated with and linked to iCloud or Google Drive accounts (collectively, "Defendants' Imaged Electronic Accounts"):

| | |
|---|---|
| Jessica Venable | jessica.c.venable@gmail.com |
| Scott Tominovich | sftominovich@gmail.com |
| Scott Tominovich | tominovich5@verizon.net |
| Chris Fish | chrisfish100@yahoo.com |
| Joo Lee | joolee79@gmail.com |
| Jake Parduhn | jsparduhn@gmail.com |

Additionally, Defendants' counsel is in possession of approximately three flash drives which may contain M&Q Confidential Information (with some flash drives also containing personal or non-M&Q material) ("Defendants' Imaged Flash Drives"). Defendants' counsel agrees to provide these three flash drives to CDS for imaging and preservation.

(2) **Additional Devices & Electronic Accounts Not Yet Imaged.** Defendants further represent, consistent with previous disclosures memorialized in the Standstill Agreement, Dkt. 13, that the below additional electronic devices which have not yet been imaged by CDS also may include M&Q Confidential Information:

3

| Defendant | Device |
|---|---|
| Scott Tominovich | Desktop Computer |
| Scott Tominovich | iPad |
| Jake Parduhn | Laptop |
| Jake Parduhn | iPad |

Defendants further represent, consistent with previous disclosures, that the electronic accounts associated with the below e-mail addresses, including all iCloud or Google Drive accounts which have not yet been imaged by CDS, may include M&Q Confidential Information:

| Chris Fish | chrisfish2526@gmail.com |
|---|---|
| Casey Newell | casey.a.newell@gmail.com |

Defendants also represent that the Box cloud storage account utilized by Defendant Venable while employed at M&Q includes M&Q Confidential Information. CDS has not imaged this Box storage account and Defendant Venable presently has exclusive access to this Box account. Plaintiff has no access to this Box storage account containing M&Q Confidential Information. Defendants' counsel represents that they are working with Defendant Venable to gain access to the Box account. Defendants' counsel also agrees to (1) assist in efforts to preserve and collect the Box account or (2) promptly notify Plaintiff of any difficulties concerning accessing, preserving, or collecting the Box account. Defendants agree to report to Plaintiff about such efforts as soon as possible.

The devices and accounts identified in this Paragraph 2 are collectively referred to as "Defendants' Preserved Devices and Accounts."  With respect to Defendants' Preserved Devices and Accounts, which devices and accounts have not yet been imaged by CDS, the parties are continuing to negotiate about whether and when such devices will be subject to the forensic review.

(3)     **Delivery of Existing Forensic Images by CDS.**  CDS shall make available to Plaintiff's forensics vendor, Digital Mountain, Inc. ("Digital Mountain"), full and complete copies of the forensic images of Defendants' Imaged Devices, Defendants' Imaged Electronic Accounts, and Defendants' Imaged Flash Drives identified in Paragraph 1 above.

(4)     **Examination of Adequacy of Forensic Images Delivered by CDS.** Digital Mountain, following forensic standards and industry best practices, shall verify and validate all evidence items and preserved images, examine chain-of-custody, and build a timeline of activities to protect and ensure the integrity of the evidence and process and will report immediately to Plaintiff any issue that may be discovered.

(5)     **Preparation of Initial Imaged Device & Account Inventories.** Digital Mountain, following forensic standards and industry best practices, shall create filtered file level inventories of Defendants' Imaged Devices, Defendants'

Imaged Electronic Accounts, and Defendants' Imaged Flash Drives excluding system and executable files (the "Imaged Device & Account Inventories").

(6) **Delivery of Initial Imaged Device & Account Inventories.** The Imaged Device & Account Inventories shall first be provided directly to Defendants' counsel using the Digital Mountain review platform to review for purposes of identifying any potentially privileged or personal information that shall not be provided to Plaintiff or Plaintiff's counsel. Plaintiff's counsel shall be entitled to information about the total number of documents identified for review from each device described in Paragraph 1 above.

(7) **Review and Culling of Initial Imaged Device & Account Inventories.** Defendants shall promptly review the Imaged Device & Account Inventories using the Digital Mountain review Platform and shall identify any potentially privileged or personal information within five (5) business days. Should any scheduling issues arise, Defendants' counsel shall promptly notify Plaintiff's counsel to seek an agreement on an alternate date. Defendants' counsel shall communicate directly with Digital Mountain about the potentially privileged or personal information identified by Defendants. Plaintiff's counsel shall be entitled to information about (a) the total number of documents withheld by Defendants on the basis of privilege from each device identified in Paragraph 1; and (b) the total number of personal documents withheld by Defendants from each device identified

in Paragraph 1.  The resulting documents shall be reviewed by Defendants' counsel and any document that includes or constitutes M&Q information, whether in whole or in part, shall be included in the file inventory provided to Plaintiff's counsel.  If any dispute arises about Defendants' designation of documents as "personal," Plaintiff's counsel and Defendant's counsel agree to meet and confer about proposals for providing verification to Plaintiff that such materials are in fact "personal" and in an effort to resolve the dispute.

The parties have not reached agreement about Plaintiff's proposal to reserve the right to apply search terms, in limited circumstances and should the need arise, against any personal documents or files withheld by Defendants as a mechanism to confirm that file names and access dates have not been altered in an effort to shield M&Q Confidential Information from detection and deletion.  Plaintiff proposes confirmatory searches against documents deemed "personal," and then only to the extent M&Q deems it necessary to ensure the protection of M&Q Confidential Information.  Plaintiff reserves the right to raise this issue with the Court if necessary.

(8)     **Preparation of Culled Device & Account Inventories.**  Digital Mountain, upon receipt of instruction from Defendants' counsel, shall prepare Device & Account Inventories that omit all potentially privileged and personal information identified by Defendants' counsel (the "Culled Imaged Device,

7

Account, & Flash Drive Inventories"). The Culled Device & Account Inventories shall then be provided to counsel to all parties.

(9) **Identification of M&Q Confidential Information for Permanent Deletion.** The parties will work together to identify all M&Q Confidential Information included in the Culled Imaged Device, Account, & Flash Drive Inventories. Insofar as there is a dispute about whether a document includes or constitutes M&Q Confidential Information for purposes of the analysis contemplated hereunder, counsel for the parties agree that (1) Defendants' counsel shall review of the contents of the disputed document, (2) Defendants' counsel shall describe the contents of the document sufficient for Plaintiff's counsel to make a determination about whether the document includes or constitutes M&Q Confidential Information, and (3) if, after receipt of a description of the document, Plaintiff's counsel requires additional information to make a determination about whether the document includes or constitutes M&Q Confidential Information, Defendants' counsel will provide the document, or a redacted version thereof, to Plaintiff's counsel for further examination. The parties shall compile and provide to Digital Mountain a final list of M&Q information included in the Culled Device & Account Inventories (the "Final M&Q Inventories for Devices Imaged Before April 1, 2022").

(10) **Permanent Deletion of M&Q Confidential Information from Defendants' Devices & Electronic Accounts.** Adhering to forensic standards and industry best practices, Digital Mountain shall work with CDS to coordinate and confirm the deletion of all M&Q Confidential Information identified in the Final M&Q Inventories for Devices Imaged Before April 1, 2022 from each of Defendants' Devices and Defendants' Electronic Accounts following the wiping and destruction standards from the National Institute of Standards and Technology (NIST) and Department of Defense (DoD). CDS shall provide written certification upon permanently deleting from Defendants' Devices and Defendants' Electronic Accounts all M&Q information identified in the Final M&Q Inventories for Devices Imaged Before April 1, 2022.

(11) **Potential Additional Electronic Devices Identified During Forensic Examination.** Digital Mountain also will analyze the forensic images of Defendants' Imaged Devices, Defendants' Imaged Electronic Accounts, and Defendants' Imaged Flash Drives sufficient to identify (1) any additional electronic media that may require further forensic examination, (2) any artifacts present on Defendants' Imaged Devices, Defendants' Imaged Electronic Accounts, and Defendants' Imaged Flash Drives that relate to any emails sent that include M&Q Confidential Information, and (3) any artifacts related to the use of any cloud storage account that may include M&Q included. The results of Digital Mountain's analysis

contemplated under Paragraph 11 shall be provided to counsel for the parties simultaneously.

(12) **Defendants' Obligation to Locate and Sequester Additional Devices.** Insofar as Digital Mountain's analysis under Paragraph 11 results in the identification of additional electronic devices, cloud storage, or email accounts that may contain M&Q Confidential Information (or to which M&Q Confidential Information was transferred), Defendants will promptly locate and sequester such devices or immediately preserve any cloud storage or email accounts. If the parties do not reach an agreement within five (5) business days for an examination of these additional devices under the terms of the protocol outline in Paragraphs 3-11 above, Plaintiff reserves the right to raise this dispute with the Court. Defendants continue to have concerns about the scope of the collection and are concerned that this process could continue indefinitely. Defendants reserves the right to raise this concern with the Court if they have concerns about the scope of the collection.

(13) **M&Q Confidential Information Identified in Final M&Q Inventories for Devices Imaged Before April 1, 2022.** M&Q (and its counsel) shall be entitled to copies of any and all items (including any related metadata) identified in the Final M&Q Inventories for Devices Imaged Before April 1, 2022.