IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Exhibit 1

MCALLISTER & QUINN, LLC,

   Plaintiff,

vs.

JESSICA VENABLE, SCOTT TOMINOVICH, CHRIS FISH, JOO YOUNG LEE, CASEY NEWELL, and JAKE PARDUHN,

   Defendants.

Case No. 1:22-CV-00379-APM

**PLAINTIFF MCALLISTER & QUINN, LLC'S EARLY RULE 34
REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff McAllister & Quinn, LLC ("M&Q") requests the production of all documents in the possession, custody, or control of Defendants Jessica Venable, Scott Tominovich, Chris Fish, Joo Young Lee, Casey Newell, and Jake Parduhn (collectively, "Defendants") that are responsive to the requests specified below. Production shall be made at the offices of Kilpatrick Townsend LLP, 607 14th Street, NW, Suite 900, Washington, DC 20005, as soon as practicable and in no event later than 30 days after the parties confer pursuant to Fed. R. Civ. P. 26(f), or at such other location and time as may be mutually agreed to between counsel for the parties.

**DEFINITIONS**

1. The term "Document" is intended to encompass the full range of materials discoverable under the Federal Rules of Civil Procedure and includes, without limitation: correspondence, letters, e-mails, text messages, instant messages, records of electronic chats, handwritten notes, memoranda, studies, messages, notes of telephone conversations, reports,

cables, telegrams, photographs; recording tape, recording disc, audio tape, video tape, or other records of oral communications; graphs, work sheets, or schedules; exhibits; demonstrative aids; contracts or agreements; logs; summaries; computer files (including backup tapes, files, and e-mails), printouts or computer discs, tapes, or other electronic storage media; charts; tables; publications; data compilations; minute books or diaries; and any other data compilations from which information can be obtained and translated, if necessary, by the responding persons into reasonably usable form.

2. The terms "concern" and "concerning" mean and include: with respect to, referring to, relating to, purporting, embodying, establishing, evidencing, comprising, connected with, commenting on, responding to, showing, describing, discussing, analyzing, reflecting, indicating, presenting, or constituting.

3. The terms "and" and "or" are to be construed either disjunctively or conjunctively so as to bring within the scope of each request any information or document(s) that might otherwise be construed to be outside its scope, and the terms "any" and "all" are each to be construed to mean "any and all."

4. The term "M&Q" shall mean Defendant McAllister & Quinn, LLC.

5. The terms "Defendant," "Defendants," "you," and "your" means Defendants Jessica Venable, Scott Tominovich, Chris Fish, Joo Young Lee, Casey Newell, and Jake Parduhn and each of their agents, representatives, officers, directors, principles, or any other person acting for or purportedly acting on behalf of or in concert with any Defendant or Defendants.

6. The term "M&Q Information" refers any and all Documents, whether paper or electronic, that you obtained, received, created, or otherwise came to possess while employed by

M&Q and that relates to prior work performed for the benefit of M&Q or any M&Q client before Defendants' separations and that remains in your possession, custody, or control.

7. The term "Protocol" shall mean the April 1, 2022 Protocol for Identification and Destruction of M&Q Information in Defendants' Possession, Dkt. 28-4.

8. The term "person" means any individual, corporation, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission or other such entity.

9. Unless otherwise defined, all words and phrases used in this Request are to be accorded their ordinary meaning.

## INSTRUCTIONS

1. All requests for the production of documents contemplate production of the requested document in full, without deletion or redaction.

2. If any portion of any document is responsive to any document request, then the entire document must be produced. Documents produced shall be complete and, unless privileged or redacted, submitted as found in your files (*e.g.*, documents that in their original condition were stapled, clipped or otherwise fastened together or maintained in separate file folders shall be produced in such form). Documents shall be produced in the order in which they appear in your files and shall not be shuffled or otherwise rearranged (*e.g.*, e-mails should not be batch printed resulting in string e-mails on unrelated subjects). Mark each page with corporate identification, segregated by custodian, and consecutive document control numbers. Place all documents produced in separate folders or boxes by custodian. Mark each file folder or box with corporate identification, the name of the person whose documents are in the folder and how the original file was labeled. Documents maintained in a file folder or binder should be preceded by the file folder or binder label, if one exists, and should contain a clear indication of where the file folder or binder

begins and ends. All attachments to a document should be produced with the document. Computer files (including backup tapes and files), electronic mail messages, and other documents maintained in electronic form, including all metadata, should be produced in machine-readable electronic form. Machine-readable data provided should be in a form that does not require specialized or proprietary software, unless agreed to by the parties.

3. All requests for the production of documents shall be construed to include any additional documents responsive to these requests that are discovered or produced after the date of production.

4. The singular includes the plural and vice versa, and a verb tense includes all other tenses where the clear meaning is not distorted by the addition of another tense or tenses.

5. The term "metadata" shall mean all data about data elements or attributes, (name, size, data type, etc.), and data about records or data structures (length, fields, columns, etc.), and data about data (where it is located, how it is associated, ownership, etc.). For purposes of these requests, Manhattan requests the following metadata and fielded data associated with any and all electronic documents responsive to these requests be produced as a either a spreadsheet or a database load file: Begin Bates, End Bates, Custodian, Date Created, Time Created, Date Sent, Time Sent, Time Received, Date Received, Author, Recipient, CC, BCC, Type, Title, E-mail Subject, File Name, File Extension, File Type, File Path, OCR/Extracted Text. Any other metadata fields need not be produced (but may be produced) in connection with documents responsive to these requests.

6. If you believe that any of the requested documents contain material that is privileged or otherwise not subject to discovery, set forth the reasons why said document(s) or portions thereof will not be produced, including: (a) the date, (b) the sender, (c) the addressee, (d)

the number of pages, (e) the subject matter, (f) the basis on which the privilege or protection is claimed, (g) the names of all persons to whom copies of any part of the document were furnished, or who ever received, obtained, or saw any part of the document or copies of the document, together with an identification of their employer and their job titles, (h) the present location of the document and all copies thereof, and (i) the names of all persons who have ever had possession, custody, or control of the documents.

7. In the event that any document called for by this Request has been destroyed, discarded, or otherwise disposed of, that document is to be identified as completely as possible, including, without limitation, the following information: (a) the author(s) of the document(s); (b) the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients; (c) the date of the document(s); (d) the date and manner of disposal of the document(s); (e) the reason(s) for and person(s) authorizing the disposal; (f) the person(s) disposing of the document(s); and (g) a description of the subject matter thereof, including any attachments or appendices, and the number of pages.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

The documents designated for production are the following:

1. All M&Q Information that you obtained, received, created, or otherwise came to possess while employed by M&Q that may reside on any laptop, desktop, tablet, ipad, cell phone, flash drive, external hard drive, cloud storage account, or any other electronic media identified by Defendants (including the devices identified in Defendants' February 19, 2022 Email, Dkt. 2-21, the Standstill Order, Dkt. 13, or the Protocol, Dkt. 28-4) that have not yet been imaged, and that are not the subject of the agreement set forth in Paragraph 3 of the April 1, 2022 Protocol concerning the "Delivery of Existing Images by CDS."

2. All documents, including but not limited to email and text messages, that you exchanged with any other Defendant regarding any dispute or dissatisfaction with M&Q about your employment, your (or any other Defendant's) potential employment by a competitor of M&Q, or your (or any other Defendant's) resignation (or potential resignation) from M&Q, and that were generated or exchanged between January 1, 2021 through the current date.

3. All documents, including but not limited to email and text messages, that you exchanged with any other Defendant regarding your (or any other Defendant's) efforts to obtain termination letters from any client to which you provided services during your employment by M&Q, and that were generated or exchanged between January 1, 2021 through the date of your separation.

This 4th day of April, 2022.

| | |
|---|---|
| Alexander M. Bullock<br>D.C. Bar No. 446168<br>abullock@kilpatricktownsend.com<br>**KILPATRICK TOWNSEND &<br>   STOCKTON LLP**<br>607 14th Street, NW<br>Suite 900<br>Washington, DC  20005<br>Telephone:  (202) 508-5831<br>Facsimile:  (202) 585-0057 | /s/ Joel D. Bush, II<br>Joel D. Bush, II<br>(*admitted pro hac vice*)<br>jbush@kilpatricktownsend.com<br>Kathleen B. Dodd Barton<br>(*admitted pro hac vice*)<br>kbarton@kilpatricktownsend.com<br>**KILPATRICK TOWNSEND &<br>   STOCKTON LLP**<br>1100 Peachtree Street, Suite 2800<br>Atlanta, GA  30309-4530<br>Telephone:  (404) 815-6500<br>Facsimile:  (404) 815-6555 |

*Counsel for Plaintiff McAllister & Quinn, LLC*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically served the foregoing document by e-mail to counsel of record in this matter as follows:

>R. Scott Oswald (SOswald@employmentlawgroup.com)
>Anita Mazumdar Chambers (achambers@employmentlawgroup.com)
>Tejal Garg (tgarg@employmentlawgroup.com)
>The Employment Law Group, P.C.
>1717 K Street NW, Suite 1110
>Washington, D.C. 20006-5345

DATED:  April 4, 2022.          /s/ Joel D. Bush, II
                                Joel D. Bush, II
                                (*admitted pro hac vice*)

                                *Counsel for Plaintiff McAllister & Quinn, LLC*